DENNIS A. CAMMARANO / 6154
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, California  90802
Telephone:  (562) 495-9501
Facsimile:   (562) 495-3674
e-mail: dcammarano@camlegal.com

Attorney Plaintiff,
STARR INDEMNITY & LIABILITY COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ | IN ADMIRALTY |
| STARR INDEMNITY & LIABILITY COMPANY, | ) |
| | ) **CASE NO.** |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR DAMAGE** |
| | ) **TO CARGO; NEGLIGENCE;** |
| A.P. MOLLER-MAERSK A/S; and DOES 1 through 10, inclusive | ) **BREACH OF CONTRACT;** |
| | ) **BREACH OF BAILMENT** |
| Defendants. | ) |
| _____ | ) |

Plaintiff STARR INDEMNITY & LIABILITY COMPANY (hereafter "STARR") alleges as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question), i.e., the Carriage of Goods by Sea Act, 46 U. S. C. §1300 et seq. In addition, this court has supplemental jurisdiction under 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U. S. C.

§13901(b) in that the parties stipulated to this venue in a pre-litigation transportation agreement embodied in a bill of lading.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Damage to Cargo)

3.      Plaintiff STARR is an insurance corporation with an office and place of business at 399 Park Avenue, 9th Floor, New York, New York 10022. Plaintiff brings this action on its own behalf in that it insured the below described cargo against damage or loss and, having paid for the damages and losses of the cargo, is subrogated to the rights of the owner of the cargo, Home Depot U.S.A., Inc.

4.      At all times material herein, Defendant A.P. MOLLER-MAERSK A/S (hereinafter "MAERSK" or with Does, "Defendants") is a corporation or other business entity organized and existing under the laws of Denmark with an office and place of business at 180 Park Avenue, Building 105, Florham Park, New Jersey 07932, and was and is engaged in business as an ocean common carrier.

5.      Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as Does 1 through 10 inclusive, except that Plaintiff is informed and believes, and on that basis alleges, the damage to the cargo was proximately caused by Defendants' wrongful acts.  Plaintiff therefore sues these Defendants by such fictitious names and Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants were at all times herein mentioned the agent, servant, employee or contractor of the other Defendants.

7. On or about October 18, 2016, Defendants accepted a shipment of ceiling fans ("Cargo") to be carried from Zhongshan, China to Los Angeles, California in containers MRKU622824-4, MRKU622877-4 and MRKU622888-2 under waybill numbers MAEUHUP003622, MAEUHUP003623 and MAEUHUP003627 in the same good order as when received.

8. The Cargo was damaged from a fresh water wetting before delivery.

9. Defendants and each of them, failed and neglected to carry, handle and monitor the Cargo and maintain its good order and condition as when received. To the contrary, the Cargo was damaged while in the actual or constructive care and custody of Defendants.

10. By reason of the foregoing, Plaintiff has been damaged in the amount of $39,220.61, plus miscellaneous expenses, interests, and costs, no part of which has been paid, despite demand therefor.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Negligence)

11. Plaintiff refers to paragraphs 1 through 10, inclusive, of this complaint and incorporates them herein as fully set forth.

12. The loss to the Cargo was directly and proximately caused by the negligence, carelessness, gross negligence of Defendants, and each of them.

13. By reason of the foregoing, Plaintiff has been damaged in the amount of $39,220.61, plus miscellaneous expenses, interests, and costs, no part of which has been paid, despite demand therefor.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Breach of Contract)

14. Plaintiff refers to paragraphs 1 through 13, inclusive, of this complaint and incorporates them as fully set forth.

15. On October 18, 2016, Defendants, and each of them, agreed to safely handle, store, count, transport and deliver the Cargo in the same good order and condition as when received.

16. Defendants, and each of them, materially and substantially breached and deviated from their agreement by failing to deliver the Cargo in the same good order and condition as when received.

17. All, of any, conditions and/or covenants required to be performed in accordance with the terms and conditions of the agreement, were complied with or otherwise excused.

18. By reason of the foregoing, Plaintiff has been damaged in the amount of $39,220.61, plus miscellaneous expenses, interests, and costs, no part of which

has been paid, despite demand therefor.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

**(**Breach of Bailment**)**

19.     Plaintiff refers to paragraphs 1 through 18, inclusive, of this complaint and incorporates them as fully set forth.

20.     The damage to the Cargo was directly and proximately caused by the acts and omissions of Defendants, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the Cargo after Defendants took possession, custody and control of the Cargo for the purpose of delivering it as instructed by Plaintiff's insured.

21.     By reason of the foregoing, Plaintiff has been damaged in the amount of $39,220.61, plus miscellaneous expenses, interests, and costs, no part of which has been paid, despite demand therefor.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.     For general damages in the sum of $39,220.61, plus miscellaneous expenses, interest and costs.

2.     For pre-judgment interest at the rate of 10% per annum from October

18, 2016;

     3.     For post-judgment interest at the rate of 10% per annum;

     4.     For costs of suit herein; and

     5.     For such other and further relief as this court deems just and proper.

Dated: February 7, 2017           CAMMARANO LAW GROUP

By:  s/ Dennis A. Cammarano
Dennis A. Cammarano
Attorney for Plaintiff,
STARR INDEMNITY & LIABILITY COMPANY